■ YOON Y. PARK et al., Appellants, v STATE OF NEW YORK, Respondent. [843 NYS2d 41]—

Judgment of the Court of Claims of the State of New York (Alan C. Marin, J.), entered on or about October 20, 2006, after trial, dismissing claimants' claim, unanimously affirmed, with costs.

The court properly held that the cooperation agreement, by

which claimant Lincoln Medical Laboratory Center, Inc. (Lincoln) was issued a valid Medicaid provider number to allow it to participate in an undercover operation to expose Medicaid fraud, did not contemplate that claimants would retain the difference of payments by the Department of Social Services (DSS) under the Medicaid program less the necessary expenses of the undercover operation. The agreement is clear on its face that the valid provider number furnished to Lincoln was not for the purpose of operating a for-profit business, and that the provider number would be suspended following the operation. The record also establishes that claimant Park was paid a salary, rent and all necessary expenses in relation to the operation, and the agreement set forth that the consideration granted to Park for his cooperation was that "the Office of the Deputy Attorney General for Medicaid Fraud Control will inform any individual or agency that you designate of the extent and character of your cooperation." There is no reasonable interpretation of the agreement that would permit claimants to retain the profits of the undercover operation (*see Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]), particularly in light of the fact that the vast majority, if not all, of the testing performed during the undercover operation was pursuant to fraudulent Medicaid claims.

We have considered claimants' remaining contentions and find them unavailing. Concur—Andrias, J.P., Sullivan, Catterson, McGuire and Malone, JJ. [*See* 13 Misc 3d 1238(A), 2006 NY Slip Op 52164(U).]